IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lenora Ricard,

Plaintiff,

v.

South Carolina Department of Corrections,

Defendant.

C/A No. 3:25-cv-3994-JFA-PJG

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Plaintiff Lenora Ricard ("Plaintiff") sues her former employer South Carolina Department of Corrections, ("Defendant" or "SCDC"), alleging federal and state law claims. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Subsequently, Defendant filed a Motion for Summary Judgment as to all of Plaintiff's claims. (ECF No. 17).

After reviewing the Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendant's Motion for Summary Judgment should be granted. (ECF No. 27). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Plaintiff filed objections to the Report, (ECF No. 31), to which Defendant filed a Reply. (ECF No. 32). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 27). However, a brief recitation of the factual background is necessary to address Plaintiff's objections. Plaintiff raises claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200e *et seq.*; a state law claim for wrongful discharge in violation of public policy; and a claim for Whistleblower Retaliation, S.C. Code Ann. § 8-27-10. (ECF No. 1). Plaintiff was employed with Defendant from January 2023 until her termination in June 2023. Her responsibilities included monitoring the medical clinic and supervising nurses and medical staff.

Relevant to Plaintiff's federal claims, she alleges that she was subjected to sexual harassment by Ned Cooper, a contract nurse in Defendant's infirmary. Plaintiff further

alleges that Cooper harassed another employee, not a party to this action, Lawanda Miles, a female night-shift nurse. Miles allegedly reported this harassment, and after Miles was terminated in February 2023, she filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination. Plaintiff presents that she "supported" Miles's allegations as well as allegations of harassment by another employee, Elizabeth Brown against Cooper. Plaintiff argues that as a result, her supervisors, Chrissy Gilmore and Wanda Sermons, retaliated against her. Plaintiff alleges she was harassed, bullied, undermined, subjected to constant criticism, disciplined, and ultimately terminated.

The Report recommends that Defendant's Motion for Summary Judgment be granted because Plaintiff failed to provide any evidence of a similarly situated employee being treated differently, failed to provide any argument in opposition to Defendant's arguments regarding her hostile work environment and sexual harassment claims, and failed to show she engaged in protected activity as contemplated by Title VII to establish a retaliation claim. (ECF No. 27). Further, the Report recommends this Court remand Plaintiff's remaining state law claims. *Id.*

This Court identifies three specific objections in Plaintiff's filing. (ECF No. 31). Each objection is addressed herein.

<u>Objection 1</u>

Plaintiff first argues that the Magistrate Judge erred by weighing "the evidence and resolv[ing] competing factual inferences in Defendant's favor." (ECF No. 31, p. 2). Plaintiff essentially presents that the Magistrate Judge improperly applied the governing

Rule 56 standard. *Id.* Plaintiff avers that when "the record is viewed as a whole, a reasonable jury could conclude that Defendant subjected Plaintiff to a sex-based double standard by protecting a male employee accused of inappropriate conduct toward female employees while simultaneously undermining, disciplining, and ultimately terminating Plaintiff after she supported complaints of sexual harassment and attempted to address that conduct." *Id.* Plaintiff argues that the Report analyzed these facts piecemeal instead of collectively and "separately discounts Plaintiff's protected activity, comparator evidence, procedural irregularities, and evidence of pretext rather than considering the cumulative force of the circumstantial evidence." *Id.* at 3.

The Undersigned's *de novo* review of the Report and related filings does not support Plaintiff's argument. Plaintiff's argument here is essentially a precursor to her argument addressed below that she is not required to present evidence sufficient to satisfy a prima facie case of discrimination under *McDonnel Douglas.*[1] Not so. In reviewing all evidence, and the lack of evidence, submitted in this matter in the light most favorable to Plaintiff, she has failed to point to a genuine issue of material fact sufficient to move this matter beyond summary judgment. Plaintiff's disagreement with the Magistrate Judge's analysis of the record does not render the Magistrate Judge's consideration of the facts in contravention of the Rule 56 standard. Therefore, Plaintiff's first objection is overruled.

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Objection 2

In her second objection, Plaintiff argues that the Report improperly concluded Plaintiff did not engage in a protected activity under Title VII and failed to consider the evidence submitted supporting causation and pretext. (ECF No. 31, pp. 3–9). Specifically, Plaintiff argues that she did present sufficient evidence of a protected activity to support her retaliation claim, the record creates a genuine dispute concerning causation for her termination, and that the irregular termination process of Plaintiff supports a finding of pretext. *Id.*

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) she engaged in a protected activity; (2) her employer took an adverse action against her; and (3) a causal connection existed between the protected activity and the adverse action. *See Guessous v. Fairview Prop. Investments, LLC*, 828 F.3d 208, 217 (4th Cir. 2016).

Plaintiff has failed to present admissible evidence creating a dispute of material fact regarding whether she engaged in a protected activity. Plaintiff attempts to rely on the EEOC charge of non-party former co-worker Miles. While this charge shows that Miles engaged in protected activity, the charge makes no mention of Plaintiff or any oppositional conduct by Plaintiff. Further, Plaintiff's deposition reveals that at most, Miles reported the allegations of sexual harassment to Plaintiff, but Plaintiff denied taking any action that would constitute oppositional activity as defined by law. Accordingly, Plaintiff has failed to provide any evidence that she engaged in any protected activity sufficient to satisfy the *prima facie* requirements for a retaliation claim under Title VII. Accordingly, in viewing

all submitted evidence in the light most favorable to Plaintiff, there is no dispute of material fact concerning whether she engaged in a protected activity. Therefore, Defendant is entitled to Summary Judgment on Plaintiff's retaliation claim. Plaintiff's objections as to the other elements of the prima facie requirements, for which the Report properly concluded also did not create a dispute of material fact, are dismissed as immaterial due to her failure to show a dispute of material fact of a protected activity. Thus, Plaintiff's second objection is overruled.

Objection 3

Plaintiff's third objection argues that the Report "applies an unduly restrictive comparator analysis and fails to consider the totality of Plaintiff's evidence of sex discrimination." (ECF No. 31, p. 10). Specifically, Plaintiff argues that the Report improperly treats the comparator analysis as dispositive, she presented evidence of disparate terms and conditions of employment, presented sufficient evidence that she was performing satisfactorily under extraordinary conditions in her workplace, and the procedural irregularities and unclear explanations surrounding her termination support a finding of pretext. *Id.* at 10–16. Additionally, Plaintiff argues that the evidence she presented, while not meeting the factors required for a prima facie case of discrimination, is sufficient to move beyond summary judgment due to *Ames v. Ohio Department of Youth*

*Services*'s rejection of a rigid application of the *McDonnel Douglas* prima facie framework.[2] 605 U.S. 303 (2025). *Id.*

A plaintiff establishes a prima facie case of sex discrimination by demonstrating that: (1) she is a member of a protected class; (2) she was performing her job duties at a level that met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class received more favorable treatment. *Gerner v. Cnty. of Chesterfield,* 674 F.3d 264, 266 (4th Cir. 2012). A plaintiff may show that she is similarly situated with another employee by showing they dealt with the same supervisor, were subject to the same standards, engaged in the same conduct without differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *See Charlot v. Donley*, No. 3:11-579-MBS-SVH, 2013 WL 1339614, at *6 (D.S.C. Jan. 31, 2013).

As an initial note, to the extent Plaintiff, in her objections, is arguing that she was subjected to a hostile work environment or sexual harassment as independent claims, as pointed out by Defendant and the Report, Plaintiff did not address or respond to Defendant's motion for summary judgment on this claim and accordingly Plaintiff has abandoned these claims. Therefore, the Court construes Plaintiff's third objection to relate to her Title VII discrimination claim only.

[2] As noted in the Report, while under *Ames* other *prima facie* tests may apply in assessing a Title VII discrimination claim, Plaintiff did not, and still has not, briefed Plaintiff's claims under those tests and the record remains insufficient for the Court to conduct any alternate analysis. Plaintiff's mere assertion that application of the *McDonnel Douglas* factors is too rigid is unpersuasive.

Here, Plaintiff alleges that the Report placed undue emphasis on the need for a similarly situated comparator and Cooper may be considered a similarly situated comparator. Not so. First, while rigid application of the factors of a prima facie case may become disfavored, they are not irrelevant. One of the elements of asserting a Title VII discrimination claim is presenting evidence that a similarly situated employee, not of the same protected class, received more favorable treatment. The Undersigned agrees with the Report that Cooper, a male employee, is not an appropriate comparator or otherwise similarly situated in any manner. Accordingly, Plaintiff's objection as to the comparator analysis is overruled.

Plaintiff also argues that she presented evidence of disparate terms and conditions of employment by alleging that she was excluded, undermined, and subjected to hostility in the workplace. Plaintiff relies on deposition testimony by Ellis wherein Ellis "confirmed that Plaintiff repeatedly reported that she was being 'bullied' and was not being heard by her supervisors." (ECF No. 31, p. 12). Plaintiff further avers that the irregular termination process in light of her adequate performance demonstrates evidence of pre text. Upon a *de novo* review of the Report and related filings, the Undersigned disagrees. Defendant provided a legitimate nondiscriminatory reason for Plaintiff's termination, and Plaintiff has failed to submit admissible evidence that this reason was pretextual. Further, Plaintiff's failure to establish a comparator, despite her arguments otherwise, is fatal to her Title VII discrimination claim.

Therefore, Plaintiff's third objection is overruled.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 27). For the reasons discussed above, and in the Report, Defendant's Motion for Summary Judgment, (ECF No. 17), is granted as to Plaintiff's Title VII claims, and the remaining state law claims are remanded to state court.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 21, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge